# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ROBERT J. SLUDER,

    Plaintiff,

v.                                      Case No. 4:18-cv-284-RH/MJF

JULIE JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This matter was referred to the undersigned by the clerk of court. For the reasons stated below, the undersigned respectfully recommends that the District Court deny Plaintiff's "Motion for Default Judgment" (Doc. 18).[1]

## I.    Background

    Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983, naming five defendants: Julie Jones, Warden Poynter, Dr. Gerald Amatucci, Rhonda Davis, and Dr. Rohana. (Doc. 4). On July 25, 2018, by order of Magistrate Judge Gary. R. Jones, the court directed the United States Marshals Service to serve Plaintiff's complaint on only three of the five Defendants listed in Plaintiff's complaint: Julie Jones, Dr. Gerald Amatucci,

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

and Dr. Rohana. (Doc. 9). Judge Jones did not direct service on Defendants Rhonda Davis and Warden Poynter because the Plaintiff failed to state a plausible claim against these individuals. (*id.* at 1).

Pursuant to information provided by Plaintiff—now known to be incorrect—Judge Jones sent the summons for Dr. Amatucci to the special process server at the Central Office of the Florida Department of Corrections.[2] Likewise, pursuant to (incorrect) information provide by Plaintiff in his complaint, Judge Jones sent the summons for Dr. Rohana to the special process server at Zephyrhills Correctional Institution. (Docs. 4, 9). The summons for Dr. Amatucci was returned unexecuted because Dr. Amatucci is not an FDOC employee. (*see* Doc. 11). On August 8, 2018, the summons for Dr. Amatucci was reissued and mailed to 501 South Calhoun Street, Tallahassee, Florida 32399, which is the address that Plaintiff provided for Dr. Amatucci. (Docs. 4, 12). The summonses for Dr. Gerald Amatucci and Dr. Rohana were never returned. Plaintiff has not established that Dr. Amatucci and Dr. Rohana ever received the summonses and complaint, and the record suggest otherwise. Despite this, Plaintiff move for entry of a default judgment. (Doc. 18).

---

[2] In his complaint, Plaintiff indicated that Defendant Dr. Amatucci's mailing address was "501 South Calhoun, Tallahassee, FL 32399" the mailing address for the Central Office of the Florida Department of Corrections (Doc. 4).

## II. Discussion

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thus, under this Rule, a "district court may enter a default judgment when a defendant has failed to plead or defend." *Estate of Faull by Jacobus v. McAfee*, 727 F. App'x 548, 551 (11th Cir. 2018); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). Default judgments are generally disfavored, however, in light of the important policy of determining cases on their merits. *Surtain*, 789 F.3d at 1244-45; *Fla. Phy.'s Ins. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993); *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984). Entry of a default and a default judgment is warranted only where the pleadings provide a sufficient basis. *Id.* at 1245. Furthermore, "district courts have broad discretion to determine whether a default judgment is appropriate in a given case . . . ." *Estate of Faull by Jacobus*, 727 F. App'x at 552.

A default should not be entered against a defendant who has never been served with the complaint. *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007). Indeed, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v.*

*Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). A "federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4." *Direct Mail Specialists Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988). "Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45, 66 S. Ct. 242, 246 (1946)). Generally, when service of process was not properly effected, "the court has no power to render judgment," and any judgment so entered would be void. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982) (holding that a judgement was void under Rule 60(b)(4) because the defendant was not properly served).

Plaintiff is not entitled to entry of a default or a default judgment. Defendants Dr. Gerald Amatucci and Dr. Rohana have not been served with the complaint. Unless and until they are served with the complaint, this court lacks jurisdiction over these defendants. Furthermore, even if this court had personal jurisdiction over these defendants, a defendant is not in default unless and until service of process is

effected. *See Abele v. City of Brooksville, Fla.*, 273 F. App'x 809, 811 (11th Cir. 2008) (affirming the district court's denial of a motion for default judgment because the plaintiff failed to show demonstrate adequate service of process). Because that has not happened with respect to Dr. Amatucci and Dr. Rohana, they cannot be in default. Accordingly, there is no basis for this court to issue a default or a default judgment, and Plaintiff's motion should be denied.

### III. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

Plaintiff's "Motion for default Judgment" (Doc. 18) be **DENIED**.

At Panama City, Florida, this 13th day of May 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.